UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Hesseling, *Trustee of the*
*Hesseling Family Trust, pro se, et al.*,                     Case No. 3:26-cv-386

              Plaintiffs,

    v.                                                                  MEMORANDUM OPINION
                                    AND ORDER

myCUmortgage, LLC, *et al.*,

              Defendants.


## I.     INTRODUCTION

Plaintiffs Michael Hesseling, as trustee of the Hesseling Family Trust (the "Trust"), and Tammy Hesseling, who are proceeding without the assistance of counsel, filed suit against Defendants myCUmortgage, LLC, TopMark Federal Credit Union, Padgett Law Group, Allen County Board of Commissioners, Allen County Sheriff and Command Staff, Allen County Treasurer, and 20 John and Jane Does, alleging Defendants violated their rights under the United States Constitution and federal law during foreclosure proceedings that appear to involve a residential property in Allen County, Ohio.  (Doc. No. 1).  Plaintiffs filed a motion for a temporary restraining order and a preliminary injunction prohibiting any "transfer, sale, or recording actions affecting title to the subject property."  (Doc. No. 3 at 1).  Plaintiffs also filed a motion to expedite a hearing on their request for a temporary restraining order.  (Doc. No. 4).

## II.     DISCUSSION

Federal law provides that "parties may plead and conduct their own cases personally or by counsel . . . ."  28 U.S.C. § 1654.  The Supreme Court has held that this provision "does not allow corporation, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."  *Rowland v. Cal. Men's Colony, Unit 11 Men's Advisory Council*, 506 U.S. 194, 210-11 (1993).  "This rationale has been extended to artificial entities such as trusts."  *Williams Huron Gardens 397 Tr. v. Twp. of Waterford*, No. 18-12319, 2019 WL 2051967, at *3 (E.D. Mich. Feb. 28, 2019), *report and recommendation adopted sub nom. Williams Huron Gardens 397 Tr. v. Waterford Twp.*, No. 18-12319, 2019 WL 1324242 (E.D. Mich. Mar. 25, 2019) (citing cases).  *See also Miedel v. N. Star Recovery LLC.*, No. 4:25-CV-11059, 2025 WL 4069071, at *3 (E.D. Mich. Oct. 3, 2025) (same).

Thus, while a trustee may bring suit on behalf of a trust, the trustee must obtain counsel in order to do so.  *See, e.g., Taitt v. Sec'y, Dep't of Treasury*, No. CIVA09-CV-12576, 2010 WL 1541491, at *2 (E.D. Mich. Apr. 19, 2010) (citing *Dimercurio v. Comm'r of Internal Revenue,* 2008 WL 5784519, 103 A.F.T.R. 2d 2009-1288 (6th Cir. June 16, 2008), for the proposition that a "trust cannot be represented [by] a trustee" in court).

Plaintiffs have not obtained counsel to represent the Trust in this case, and Michael Hesseling may not appear *pro se* on the Trust's behalf.  Therefore, I dismiss the Trust as a plaintiff in this case.  *See Williams Huron Gardens*, 2019 WL 2051967, at *3.

I also conclude the Complaint must be dismissed as to the Hesselings individually.  The Constitution requires that a plaintiff demonstrate he has standing to pursue a case in a federal court. *See, e.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016).  At the pleading stage, a plaintiff must allege he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.* at 338 (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-60 (1992), and *Friends of the Earth, Inc. v. Laidlaw Env't*

*Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).  A plaintiff alleging he suffered an injury in fact must allege, among other things, he "personally has suffered some actual or threatened injury."  *Spokeo*, 578 U.S. at 339 (citation and internal quotation marks omitted).

The Complaint does not contain these requisite allegations.  While Plaintiffs alleged they sought to prevent or pause foreclosure proceedings, they did not identify any alleged personal interest they may have in the property allegedly subject to foreclosure.  (*See* Doc. No. 1).  Plaintiffs, among other things, do not attempt to differentiate any property interest they may have from any alleged property interest possessed by the Trust.  Therefore, Plaintiffs have not sufficiently alleged they personally suffered an actual or threatened injury.

Nor have they alleged any facts that could show that any of the Defendants engaged in conduct that caused Plaintiffs to suffer an injury.  Instead, they assert only that "Defendants" took certain actions, without showing what actions any of the Defendants individually undertook.

### III.    CONCLUSION

I conclude Plaintiffs failed to show the Hesselings individually have standing to pursue their claims in this case and, therefore, I dismiss their claims.  Further, I deny Plaintiffs' motion for a temporary restraining order, (Doc. No. 3), their motion for an expedited hearing, (Doc. No. 4), and their motion for an order directing the United States Marshals to effect service, (Doc. No. 5), as moot.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge